UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:26-cv-00081

———

**Marlondos C. Fields, Sr.,**
*Plaintiff,*

v.

**Robbi McCarter et al.,**
*Defendants.*

———

# ORDER

Plaintiff, proceeding pro se and in forma pauperis, filed this lawsuit against Whitehouse Independent School District and affiliated entities, alleging that he was unlawfully denied access to his son. Doc. 6 at 2. The case was referred to a magistrate judge.

The magistrate judge notified plaintiff that his original complaint (Doc. 1) failed to state a claim and granted leave to amend. Doc. 4. Plaintiff timely filed an amended complaint. Doc. 6. Finding that the amended complaint also failed to state a claim, the magistrate judge issued a report recommending that plaintiff's case be dismissed with prejudice under 28 U.S.C. § 1915(e)(2). Doc. 9 at 5. Plaintiff objected to the report in three filings (Docs. 12, 13, 14) and moved to change venue (Doc. 11).

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

- 1 -

Plaintiff's objections do not challenge the report's findings or recommendations. Instead, plaintiff's objections restate and elaborate upon the allegations in the live complaint (Doc. 6) and request leave to amend the complaint further. *See* Docs. 12, 13, 14. To be sure, plaintiff represents in his latest filing that he attached a "Proposed Complaint." Doc. 14 at 1. Upon the court's review, nothing in the document or any of the attached exhibits is styled as a complaint. Even construing all allegations contained therein as an amended complaint, plaintiff has still failed to state a claim upon which relief may be granted.

The court will not allow plaintiff an additional opportunity to replead. Plaintiff was already given an opportunity to replead his best case. Doc. 4. Moreover, amendment would be futile here, as further proven by plaintiff's objections. Plaintiff has not identified any additional claims he would raise in an amended complaint which could survive dismissal for failure to state a claim. *See, e.g., Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (stating that denying "a motion to amend is not an abuse of discretion if allowing an amendment would be futile," *i.e.*, "if it would fail to survive a Rule 12(b)(6) motion").

Plaintiff's objections are otherwise improper, as they do not "specifically identify the findings objected to." *See Nettles*, 677 F.2d at 410 n.8. When the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Having reviewed the report and being satisfied that there is no error, the court accepts its findings and recommendations. Plaintiff's case is dismissed with prejudice. Any pending motions are denied as moot.

*So ordered by the court on April 16, 2026.*

J. CAMPBELL BARKER
United States District Judge

- 2 -