**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **MARLONDOS C. FIELDS, SR.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 6:26-CV-81-JCB-KNM** |
| | § | |
| **ROBBI MCCARTER et al.,** | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Relief from Judgment (Doc. 19). For the reasons below, the motion for relief from judgment should be **DENIED**.

On April 16, 2026, the Court dismissed this case with prejudice and entered a final judgment. Doc. 15; Doc. 16. Plaintiff filed his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 on April 27, 2026. Doc. 19. Pursuant to Rule 60(b), the grounds for seeking relief from judgment include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Relief pursuant to Rule 60 is considered an extraordinary remedy and "the desire for a judicial process that is predictable mandates caution in reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998).

1

Plaintiff asks the Court to vacate its judgment dismissing his case with prejudice and allow Plaintiff another opportunity to amend his complaint. He represents that the factual allegations in his first amended complaint support claims under 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, and the Individuals with Disabilities Education Act (IDEA). Plaintiff did not assert these claims in his first amended complaint. Plaintiff does not explain why he could not have asserted these claims in his amended complaint filed on February 11, 2026.

Here, the motion does not show that Plaintiff is entitled to relief pursuant to Rule 60. He does not allege any of the grounds for relief available in Rule 60. Instead, Plaintiff re-states the factual basis of his case and asks for another opportunity to amend his complaint. Rule 60 is not a vehicle for relitigating matters, raising arguments or submitting evidence that could have been presented before the judgment was entered. 11 WRIGHT & MILLER § 2810.1 at 127–28. To succeed on a motion for relief from judgment, a party must show unusual or unique circumstances and not merely a disagreement with the court's decision. *See Cypress Engine Accessories, LLC v. HDMS Limited Company*, 283 F.Supp.3d 580, 585 (S.D. Tex. Oct. 6, 2017).

## RECOMMENDATION

It is hereby **RECOMMENDED** that Plaintiff's Motion for Relief from Judgment (Doc. 19) be **DENIED.**

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations

and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 29th day of April, 2026.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE