UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:26-cv-00081

———

**Marlondos C. Fields,**
*Plaintiff,*

v.

**Robbi McCarter et al.,**
*Defendants.*

———

# ORDER

Plaintiff, proceeding pro se and in forma pauperis, initiated this lawsuit against defendant Whitehouse Independent School District and affiliated entities, alleging that he was unlawfully denied access to his child. Doc. 6 at 2. The case was referred to a magistrate judge, who issued a report recommending that plaintiff's case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). Doc. 9 at 5. The court accepted the magistrate judge's report and recommendation and entered final judgment. Docs. 15, 16.

Plaintiff then moved for relief from the court's final judgment. Doc. 19. Concluding that plaintiff did not identify a basis for relief from judgment, the magistrate judge issued a report recommending that the court deny plaintiff's motion. Doc. 22 at 2. Plaintiff filed objections to that report. Doc. 23.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the

- 1 -

magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Plaintiff argues in his objection, for the first time, that he is entitled to relief from judgment because of "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). Doc. 23 at 2. He asserts that the magistrate judge's report improperly failed to consider plaintiff's "procedural confusion," "pro se status," and "good faith," as well as the substance of plaintiff's claims. *Id.* at 1. He asks the court to overrule the magistrate judge's report, set aside its final judgment in accordance with Rule 60(b)(1), and allow him to file a second amended complaint. *Id.*

Plaintiff did not present his Rule 60(b)(1) argument in his motion and thus, the court need not consider it. *See Cupit*, 28 F.3d at 535 & n.5. Even considering the availability of relief under Rule 60(b)(1), plaintiff's argument lacks merit. The Fifth Circuit has explicitly stated that "[g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (citation omitted). Thus, plaintiff cannot claim his pro se status and lack of familiarity with federal pleading requirements constitute mistake, inadvertence, surprise, or excusable neglect. *See also Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (citation omitted)).

Plaintiff further objects that dismissal with prejudice is "an unnecessarily severe outcome," because plaintiff can present valid claims under 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act, and the Individuals with Disabilities Education Act. Doc. 23 at 2–3. This is not a basis for relief under Rule 60. *See* Fed. R. Civ. P. 60. Moreover, plaintiff did not allege these claims in his amended complaint, nor did he demonstrate in his objections that he could viably state these claims. *See* Docs. 6, 12, 13, 14, 23. Dismissal with prejudice is appropriate where, as here, the

pro se plaintiff was given an opportunity to amend his complaint and still failed to state a claim. *See e.g., Rodriguez v. United States*, 66 F.3d 95, 98 (5th Cir. 1995) ("When a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but [does not] do so, then the district court is justified in dismissing the complaint with prejudice." (citation omitted)). The court therefore overrules this objection.

Plaintiff's objections are otherwise improper, as they do not "specifically identify the findings objected to." *See Nettles*, 677 F.2d at 410 n.8. When the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Having reviewed the record and being satisfied that there is no clear error, the court accepts the report's findings and recommendations. Plaintiff's motion for relief from judgment (Doc. 19) is denied.

*So ordered by the court on May 20, 2026.*

J. CAMPBELL BARKER
United States District Judge

- 3 -